1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  DENARD DARNELL NEAL,                    1:10-cv-00216-LJO-SMS (HC)

10                     Petitioner,         FINDINGS AND RECOMMENDATION
                                           REGARDING PETITION FOR WRIT OF
11       v.                                HABEAS CORPUS AND REQUEST FOR
                                           CLASS CERTIFICATION
12
   HECTOR A. RIOS,                         [Doc. 1]
13
                     Respondent.
14  _____/

15
16       Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2241.

18       Petitioner filed the instant petition for writ of habeas corpus on February 10, 2010, along

19  with several other inmates he claims are similarly situated and requests class certification.

20  (Petition, at 1-5.)

21                                   DISCUSSION

22  I.     Request for Class Certification

23       Rule 23(a) of the Federal Rules of Civil Procedure govern whether a class action should

24  be certified.  Rule 23(a) lists four conjunctive requirements that must be satisfied to certify a

25  class action: numerosity, commonality of issues, typicality of the representative plaintiffs'

26  claims, and adequacy of representation.  A class may only be certified if the court is "satisfied,

27  after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Gen. Tel. Co.

28  of the S.W. v. Falcon, 457 U.S. 147, 161 (1982).  The moving party bears the burden of proof

under Rule 23(a).  Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992).  Class action suits brought pursuant in a habeas corpus action are ordinarily disfavored.  Rodriguez v. Hayes, __ F.3d __, 2001 WL 6394 (9th Cir. 2010); Cox v. McCarthy, 829 F.2d 800, 804 (9th Cir. 1987).  Beyond arguing that all of the prisoners listed on the petition remain in the Security Housing Unit, Petitioner has failed to provide anything more than bare allegations for requesting a class action, and Petitioner's request should be denied.  See e.g. Morrison v. Booth, 763 F.2d 1366, 1371 (11th Cir. 1985)(moving party "must provide more than bare allegations that they satisfy the requirements of Rule 23 for class certification"); see also Szabo v. Bridgeport Machines Inc., 249 F.3d 672, 677 (7th Cir. 2001).  In any event, as explained *supra*, the petition must be dismissed for failure to state a cognizable claim under § 2241, and on that basis there is no reason to certify a class action in this case.

II.    Failure to State Cognizable Claim Under Section 2241

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner is seeking a transfer to a different facility or to general population within Atwater prison.  Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this

1  petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by
2  way of a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal</u>
3  <u>Bureau of Narcotics</u>, 403 U.S. 388 (1971).

4  <u>RECOMMENDATION</u>

5       Based on the foregoing, it is HEREBY RECOMMENDED that:

6       1.      Petitioner's request for class certification be DENIED; and

7       2.      The instant petition for writ of habeas corpus be DISMISSED for failure to state a
8               cognizable claim under 28 U.S.C. § 2241.

9        This Findings and Recommendation is submitted to the assigned United States District
10  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
11  Local Rules of Practice for the United States District Court, Eastern District of California.
12  Within thirty (30) days after being served with a copy, any party may file written objections with
13  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
14  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
15  and filed within fourteen (14) days after service of the objections.  The Court will then review the
16  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
17  failure to file objections within the specified time may waive the right to appeal the District
18  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21  IT IS SO ORDERED.

22  **Dated:   March 24, 2010**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE